BILLY RAY PHILLIPS v. JOE PARNELL.

(Filed 4 March 1964.)

**Automobiles § 43—**

> The vehicle of the additional defendants was parked without lights on the highway and was struck by the original defendant's vehicle, causing the additional defendants' vehicle to strike plaintiff pedestrian, *held*, the evidence of the additional defendants' concurring negligence was properly submitted to the jury on the cross action of the original defendant.

APPEAL by all defendants from *Hubbard, J.*, September, 1963 Civil Session, SAMPSON Superior Court.

The plaintiff instituted this civil action to recover for his personal injury. The plaintiff alleged, and offered evidence tending to show, that he was standing in the ditch line on Rural Paved Road No. 1005 in Sampson County at about eleven o'clock on the night of December 22, 1962. "The weather was real foggy." The defendant Parnell's vehicle collided with the defendant Elliott's vehicle parked without lights in the highway, causing the latter vehicle to strike the plaintiff, inflicting somewhat serious injuries.

The original defendant Parnell filed an answer in which he denied negligence, but alleged conditionally that if he should have been negli-

PHILLIPS v. PARNELL.

gent that the defendants Blue and Elliott were negligent in that they left their 1954 black Ford parked in his traffic lane on the highway without lights, and on account of the lights of still another automobile he was unable to see the Ford until he was so close to it that he was unable to avoid a collision; and that the negligence of Blue and Elliott concurred with his negligence, if he were negligent, inflicting injuries upon the plaintiff. On defendant's motion, Blue and Elliott were made additional parties defendant for purposes of contribution.

Both Blue and Elliott filed answers denying negligence.

The plaintiff testified as a witness, describing the accident and his injuries. He called as a witness the Highway Patrolman who described the physical evidence at the scene of the accident.

The defendant Parnell testified. However, the additional defendants did not offer evidence.

The court submitted issues which the jury answered as here indicated:

"1. Was plaintiff injured and damaged by the negligence of defendant Joe Parnell as alleged in the complaint?

Answer:   Yes.

"2. If so, did plaintiff by his own negligence contribute to his injuries and damages as alleged in the answer?

Answer:   No.

"3. What amount, if any, is plaintiff entitled to recover?

Answer:   $3,500.00.

"4. Was plaintiff injured and damaged by the joint and concurrent negligence of defendants Ottis Davis Blue and William Elliott, as alleged in the cross-action?

Answer:   Yes."

From the judgment on the verdict, the additional defendants appealed. The original defendant filed a brief as appellee.

*Teague, Johnson and Patterson by Robert M. Clay for defendant Joe Parnell, appellee.*

*Dupree, Weaver, Horton & Cockman by F. T. Dupree, Jr., Jerry S. Alvis for additional defendants, Ottis Davis Blue and William Elliott appellants.*

*No counsel contra.*

PER CURIAM.   The pleadings of all parties were direct and concise. They presented clear-cut issues of fact. The evidence consisted of the

testimony of the plaintiff, the original defendant, and the investigating officer. The controversy in this Court, however, involves only the fourth issue—the original defendant's claim for contribution against the additional defendants. The evidence was ample to sustain the jury's findings.

No error.